UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RACHEL GRAYBILL-BUNDGARD,<br><br>    Plaintiff,<br><br>  vs.<br><br>STANDARD INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No: C 11-703 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 12 |

On October 20, 2010, Plaintiff Rachel Graybill-Bundgard filed a complaint in San Francisco County Superior Court. Dkt. 13-1 at 2. Plaintiff named two defendants, Standard Insurance Company ("Defendant") and Steve Poizner, in his official capacity as the California Commissioner of Insurance ("the Commissioner"). Id. Defendant is a citizen and resident of Minnesota. Dkt. 1 ¶15. Plaintiff alleges causes of action against Defendant for breach of contract and breach of the covenant of good faith and fair dealing for its denial in June 2010 of benefits under a disability insurance policy. Id. at 2, 5, 6. Plaintiff also sought a writ of mandamus ordering the Commissioner to take corrective action by withdrawing and/or revoking approval of the policy. Id. at ¶ 34.

On October 28, 2010, Plaintiff served the complaint on Defendant. Id. On December 16, 2010, the Commissioner filed a demurrer to Plaintiff's complaint, which was sustained without leave to amend. On February 15, 2011, five days after the state court's ruling on the demurrer, Defendant filed a notice of removal on the basis that since the non-diverse defendant (i.e., the Commissioner) had been dismissed, there was now complete diversity under 28 U.S.C. § 1332. Id. at ¶13. On March 1, 2011, Plaintiff filed the instant motion to remand. Dkt. 12.

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S .C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The Court agrees with Plaintiff that removal was improper. The order sustaining the Commissioner's demurrer without leave to amend is not a final order dismissing him for purposes of removal because the state court appellate process has not been exhausted. See Self v. General Motors Corp., 588 F.2d 655, 656 (9th Cir. 1978) (final judgment after state court trial not final order of dismissal because state court appeal process not exhausted); see also Poulos v. Naas Foods, Inc., 959 F.2d 69, 72 (7th Cir. 1992) (same as to order granting summary judgment), cited with approval in California v. Keating, 986 F.2d 346, 348 (9th Cir. 1993). As such, the Court lacks removal jurisdiction. Id.

Even if the order sustaining the Commissioner's demurrer had been a final order for removal purposes, the dismissal was not a voluntary act by Plaintiff, and therefore under the voluntary/involuntary rule, the case was not removable. The voluntary/involuntary rule provides that, if a suit could not be filed in federal court at the time of its filing, then it "must 'remain in state court unless *a "voluntary" act of the plaintiff* brings about a change that renders the case removable.'" Keating, 986 F.2d at 348 (quoting Self, 588 F.2d at 657) (emphasis added). The record reflects no dispute exists that the order sustaining the Commissioner's demurrer did not result from a voluntary act by Plaintiff, and therefore such an order did not render the case removable.

Defendant relies on the doctrine of fraudulent joinder to argue that the voluntary/involuntary rule is inapplicable to the instant action. Self, 588 F.2d at 656

(exception to voluntary/involuntary rule exists where non-diverse defendant has been fraudulently joined).  However, Defendant's fraudulent joinder argument is flawed procedurally because its removal is untimely and substantively because Plaintiff had a possible cause of action against the Commissioner.

As to the issue of timeliness, assuming for purposes of discussion that Defendant is correct in its fraudulent joinder assertion, Defendant was able to determine that the Commissioner was fraudulently joined when it was served with the complaint on October 28, 2010.  Therefore, under 28 U.S.C. § 1446(b), it was required to remove within thirty days of service.  Poulos, 959 F.2d at 73 n.4 (discussing section 1446(b) in the context of the voluntary/involuntary rule in diversity jurisdiction case).  Since Defendant filed its notice of removal three and one-half months after service, its assertion of fraudulent joinder is untimely.

Moreover, fraudulent joinder only exists where there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Plute v. Roadway Package Sys., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (stating that failure to state a claim against defendant, when obvious under settled rules of the state, is a fraudulent joinder of defendant); Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992) ( stating that, when assessing fraudulent joinder, court is to "look only for a possibility" of recovery against the defendant).

Ample authority exists showing that Plaintiff had a plausible cause of action against the Commissioner for a writ of mandamus at the time she filed her action in state court and that she may be able to successfully appeal the order sustaining the demurrer.[1]  Peterson v.

---

[1] Moreover, Defendant's remaining challenges to Plaintiff's motion to remand are unconvincing.  Defendant's argument regarding Lee v. American National Insurance Company, 260 F.3d 997, 1002 (9th Cir. 2001), is without merit because that case involves issues of standing, not issues of complete diversity jurisdiction.  Likewise, Defendant's argument that the Commissioner's lack of citizenship as an official-capacity defendant results in complete diversity is incorrect because, where a party has no citizenship, the party is not a citizen of a different state for diversity jurisdiction purposes under section 1332(a)(1).  See, e.g., Jakoubek v. Fortis Benefits Ins. Co., 301 F. Supp. 2d 1045, (D. Neb. 2003) (citing cases).

Am. Life & Health Ins. Co., 48 F.3d 404, 410 (9th Cir. 1995) ("If an insured . . . believes the Commissioner has abused his discretion by approving a policy. . ., then he may petition for a writ of mandamus requiring the Commissioner to revoke his approval."); Palma v. Prudential Ins. Co., C No. 11-00957 CW, 2011 WL 2039418 (N.D. Cal. May 25, 2011) (discussing merits of plaintiff's claim for writ of mandamus against Commissioner); Ferdowsnia v. Standard Ins. Co., C No. 11-0720, 2011 WL 1791594, at *3 (N.D. Cal. May 10, 2011) (discussing and citing district court cases on merits of claim for writ of mandamus against the Commissioner, including Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163, 1172 (N.D.Cal.2003); Contreras v. Metro. Life Ins. Co., No. C–07–02597, 2007 WL 4219167, at *7(N.D.Cal. Nov. 29, 2007); Sullivan v. Unum life Ins. Co. of Am., No. C–04–00326, 2004 WL 828561, at *3 (N.D.Cal. Apr.15, 2004)).

In addition to contending that Plaintiff is not entitled to a writ of mandamus, Defendant argues that Plaintiff has no possible cause of action against the Commissioner because her action is time-barred by the statute of limitations and because she failed to exhaust administrative remedies. Statute of limitations and failure to exhaust arguments are considered in evaluating whether a defendant was fraudulently joined to destroy diversity. Contreras, 2007 WL 4219167, at *6 ("[l]ike the statute of limitations defense, 'exhaustion of administrative remedies is a prerequisite to California state jurisdiction[, and therefore, these defenses] are considered for purposes of fraudulent joinder'" (internal citations omitted)).

However, this Court finds Defendant's statute of limitations and failure to exhaust arguments unpersuasive. As have the majority of courts, this Court finds the limitations period began to run when Plaintiff was put on notice of her claim once Defendant denied her benefits under the policy, and, given that she filed her action within six months of this denial, Plaintiff satisfied the three-year limitations period under California Code of Civil Procedure § 338(a). Palma, 2011 WL 2039418, *5 (rejecting insurer's statute of limitations argument "because the plaintiff may not have sufficient notice of his injury until the insurance company rejects his claim"); Contreras, 2007 WL 4219167, at **5-6

(rejecting insurer's statute of limitations argument "because it is unreasonable to assume that [plaintiff] was put on notice when he agreed to the terms of the policy, but rather that [he] was aware of injury[, thereby being put on notice of it,] when [his insurer] denied [him] benefits under his policy").  Furthermore, this Court rejects Defendant's failure to exhaust argument because Defendant has not shown the existence of any administrative process that Plaintiff could have exhausted before bringing her claim for a writ.  Palma, 2011 WL 2039418, *5 (rejecting insurer's failure to exhaust argument because the insurer did not show "that there is an administrative process that Plaintiff could have utilized before proceeding with [a] mandamus action" to have the Commissioner revoke the insurance policy) (citing Contreras, 2007 WL 4219167, at *6).

Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447, Plaintiff's motion to remand is GRANTED.  This Order terminates Docket 12.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 21, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge